

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 3, 2014

**SUBMITTED BY HAND**

The Honorable Robert P. Patterson
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    **United States v. Top Oli**,
             S1 13 Cr. 689 (RPP)

Dear Judge Patterson:

      The defendant in this case, Top Oli ("Oli"), is scheduled to be sentenced on March 11, 2014 at 4:00 p.m. The Government respectfully submits this letter in advance of that sentencing. The Government, the defendant, and the Probation Office all agree that the Guidelines range is 0 to 6 months' imprisonment. The Government respectfully requests that the Court impose a Guidelines sentence. The Probation Office recommends that the Court impose a sentence of two years' probation, which is a Guidelines sentence in this case.

**A.**    **The Offense Conduct**

      The instant case arises from an investigation into a large-scale alien smuggler named Rudy Vasquez. *See United States* v. *Vasquez*, 13 Cr. 221 (KTD).[1] For many years, Vasquez, who was based in Guatemala, was involved in smuggling dozens of individuals into the United States by land and by air. (PSR ¶ 9).

      In March 2012, a cooperating witness ("CW-1") was able to identify Vasquez and begin having monitored communications with Vasquez about his alien smuggling operation. (PSR

---

[1]    Vasquez is the individual identified as CC-1 in the PSR. Vasquez has pleaded guilty to alien smuggling and narcotics trafficking before the Honorable Kevin T. Duffy and is awaiting sentence.

The Honorable Robert P. Patterson, p. 2
March 3, 2014

¶ 10).  Among other things, CW-1 learned that Vasquez was working in Guatemala with an individual who was later identified as the defendant's brother ("CC-2").  (PSR ¶ 13).  At the direction of Homeland Security Investigations ("HSI"), CW-1 told Vasquez that he had a connection at an airport in New York who could assist in smuggling aliens into the United States for a fee of $16,000 per alien.  (PSR ¶ 12).

In August 2012, CC-2 provided the identity and passport information for three particular nationals of India whom Vasquez and CC-2 stated were willing to pay to be smuggled into the United States.  (PSR ¶ 13).  In or about September 2012, the Indian smugglees traveled to the Dominican Republic.  On September 6, 2012, the aliens flew with an undercover officer ("UC-1") from the Dominican Republic into the United States.  The aliens told UC-1 that once in the United States they were expecting to be picked up by the defendant, who, as noted, is CC-2's brother.

Upon the aliens arriving in the United States, CW-1 and UC-1 made phone contact with the defendant.  On September 7, 2012, CW-1 and UC-1 delivered the three aliens to the defendant.  (PSR ¶ 20).  In exchange, the defendant gave CW-1 $28,000 in cash, which was a partial smuggling fee payment.  A few days later, the defendant provided another $20,000 to undercover officers to complete the smuggling payment.  (PSR ¶ 21).

During the course of the investigation, two more alien smuggling trips were agreed to.  (PSR ¶¶ 22-38).  However, the defendant's involvement in the offense ceased after the first trip in September 2012.

B.    The Guidelines Calculation

The defendant waived indictment and pleaded guilty to one count of conspiring to transport aliens knowing or in reckless disregard of the fact that the aliens had illegally come to the United States, in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I).[2]  The Probation Office agrees with the parties' stipulation in the plea agreement that the Guidelines range is 0 to 6 months' imprisonment based on an offense level of 7 and the defendant's Criminal History Category of I.  (PSR ¶¶ 5, 76).  This is within Zone A of the Sentencing Table, which makes the defendant eligible for probation pursuant to U.S.S.G. § 5B1.1(a)(1).

---

[2]    The Information originally charged the defendant with conspiring to transport illegal aliens within the United States crime for the purpose of commercial advantage or private financial gain, thereby triggering the enhanced statutory sentencing provisions of Title 8, United States Code, Section 1324(a)(1)(B)(i).  Under the terms of the plea agreement, however, the defendant pleaded guilty to the lesser included offense of conspiring to transport illegal aliens within the United States for a purpose other than commercial advantage or private financial gain.

The Honorable Robert P. Patterson, p. 3
March 3, 2014

### C. The Section 3553(a) Factors

With respect to "the nature and circumstances of the offense," 18 U.S.C. § 3553(a)(1), the defendant knowingly and willfully participated in a scheme to transport smuggled aliens. Alien smuggling is a serious and dangerous crime by which individuals enter the United States without immigration approvals, including security background checks. In this case, the defendant agreed to participate in a smuggling scheme headed by Vasquez, who has been a large-scale smuggler for many years. Accordingly, this is a serious crime that is worthy of being deterred.

Notwithstanding the foregoing, the Government recognizes that certain mitigating factors count in the defendant's favor, particularly "the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). As set forth in the Presentence Report, the defendant has no criminal history. (PSR ¶ 55). Based on the Government's investigation, the defendant's conduct in the instant case appears to be his first foray into alien smuggling which he did at the behest of his brother in Guatemala. The Court can also consider Oli's prompt acceptance of responsibility in this case by waiving indictment and agreeing to plead guilty. Pursuant to Section 3553(a), the Court can weigh these facts against the evident seriousness of the defendant's offense.

### D. Conclusion

The Government respectfully submits that a Guidelines sentence would be a sufficient, but not greater than necessary, sentence in this case.

                                    Respectfully submitted,
                                    PREET BHARARA
                                    United States Attorney

By:    ___/S/_____
         Rahul Mukhi
         Assistant United States Attorney
         (212) 637-1581

cc: Counsel of Record (by e-mail)